*Craddock, for appellant.*

*Hill, for appellee.*

---

## IVY MILLER *v.* E. C. COMBS ET AL.

**Lien—Unpaid Purchase Money—Waiver.**

Where one, claiming a purchase money lien on land, is present at a transfer of a deed thereto by the parties, to another purchaser, and does not make known or claim his lien, held to waive any right he may have had, to enforce his lien.

**Same.**

A fortiori, where a suit for the amount of the lien had been filed in the Quarterly Court, instead of the Circuit Court where he could have enforced his lien.

APPEAL FROM M'LEAN CIRCUIT COURT.

October 8, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

The able argument of appellant's learned counsel has been read with pleasure, and we hope not without profit, but we cannot concur in his conclusions.

The title bond of Hendrick with the assignment is not filed; but it is not alleged that the assignment contained a statement that the purchase money from Combs to appellant, or any part of it remained unpaid.

Moreover the opportunity was not wanting to appellant to have secured a lien on the lot for his unpaid purchase money, for Hendrick proves that he hesitated, and refused to make the deed to Combs, or his wife, until he consulted appellant on the subject, and he directed him to make the deed either to Combs or his wife, until he consulted appellant on the subject, and he directed him to express in the deed that the purchase money was not paid, which instruction would doubtless have been obeyed, as Hendrick was not willing to make the deed to his assignee, or to his order until he first consulted Miller.

Another fact is worthy of notice. Appellant first sued Combs in the quarterly court, and why if he supposed he had a lien on the lot for his money, he did not bring his action in the circuit court to enforce his lien is not explained. This circumstance, with what he said to Hendrick, on the subject of making the deed, indicated a purpose to waive his lien; or an indifference about securing, and retaining it.

The judgment must be *affirmed.*

*Little & McFarland, for appellant.*

*Bickers, for appellee.*